**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:04CV02120** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **ETTA MARTIN** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, INC., et. al.** | : | **DEFENDANTS** |

## ORDER

Pending is Plaintiff's Second Motion for Leave to File Amended Complaint (Doc. No. 28)

and Defendants' Renewed Motion for Summary Judgment Re: Statute of Limitations (Doc. No.

29). The motions were argued at the June 23, 2006 Status Conference and during at telephone

conference held on July 18, 2006. The parties also filed supplemental briefs.

## I.    BACKGROUND

Plaintiff was diagnosed with breast cancer in December 2001, but asserts that the release

of the WHI results in July 2002 was the first time she was able to appreciate the relationship

between her use of HRT drugs and her breast cancer. Along with 263 other women, Plaintiff filed

a complaint on July 2, 2004. In that complaint, Plaintiff alleged that she took Premarin, Vivelle,

and Climara and named Wyeth Pharmaceuticals, Wyeth, Inc., Novartis Group LLC, and Novartis

Pharmaceuticals Corporation as Defendants. In her December 14, 2004 fact sheet, Plaintiff also

claims that she took Estrace.

Defendants assert that Plaintiff's claims should be dismissed based on the statue of limitations.  Plaintiff asserts that the statute of limitations were tolled because she asserted claims of fraud and fraudulent concealment.

## II.    DISCUSSION

Alabama requires that fraud be plead with particularity.[1]  "In the context of Ala. Code § 6-2-3, Rule 9(b) requires that a plaintiff aver the circumstances and events constituting the fraudulent concealment."[2]  Allegations of fraud must go beyond generalized or conclusory statements.[3]  "The purpose of the particularity requirement is to give fair notice to a defendant of the substance of the charges."[4]

In *Henderson v. Washington Nat. Ins. Co.*, the plaintiff alleged that

> Defendants fraudulently suppressed and concealed the actual basis for their premium increases, which was, among other things, to impose such a financial burden and strain upon Plaintiff as to force her to cancel said policies [and that defendants] serviced the "group" policy purchased by Plaintiff so as to actively conceal or suppress the true nature of the policy and how premium increases were calculated.[5]

The 11th Circuit Court of Appeals concluded that although this language was "not highly detailed" it went beyond generalized and conclusory allegation, and was sufficient to put the defendant on notice.

---

[1]Ala. R. Civ. P. 9(b).

[2]*Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006) (internal citations omitted).

[3]*See Lyde v. United Ins. Co.*, 628 So.2d 665, 670 (Ala. 1993).

[4]*Henderson*, 454 F.3d at 1284.

[5]*Id.*

Here, Plaintiff alleges, among other things, that Defendants suppressed material fact and misrepresented the risk and benefits of HRT drugs in the labeling and through advertising, and that Plaintiff relied on the label and advertising to her detriment.[6]  Plaintiff contends that because of Defendants continuous campaign to downplay the risks through false and misleading information, she was not able to discover the possible causal relationship between her breast cancer and HRT until the release of the WHI study results on July 9, 2002.[7]

While Plaintiff's complaint is not a model of excellence with regard to pleading fraud and suppression, my "task is not to gauge the sufficiency of the pleadings."[8]  Additionally, there seem to be material facts in dispute and Defendants have not "proven by clear and convincing evidence that no Alabama court could find this complaint sufficient to invoke Ala. Code § 6-2-3" tolling.[9]  Accordingly, the language in the proposed amended complaint seems to meet the threshold recognized by the 11th Circuit in *Henderson*.


### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment is DENIED.  Plaintiff's Second Motion for Leave to File Amended Complaint is GRANTED, and Plaintiff is directed to file her amended complaint by 5 p.m., Wednesday, November 15, 2006.

---

[6]*See* Doc. Nos. 22 and 27.

[7]Doc. No. 27.

[8]*Henderson*, 454 F.3d at 1284.

[9]*Id.*

However, the proposed amended complaint should be modified to comply with this Order. Specifically, Plaintiff will be permitted to pursue claims against only those Defendants who she specifically made claims against in her 2004 Complaint and Fact Sheet.  Also, there seems to be a typo in the proposed Second Amended Complaint: Plaintiff alleges that she took Estrace but makes no mention of Estrace's manufacturer anywhere in the complaint. Now would be the time to fix this typo.

IT IS SO ORDERED this 30th day of October, 2006.


/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE